*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *DAVID GORDON FLEMING,* )<br>)<br>*Petitioner* )<br>)<br>v. )<br>)<br>*WARDEN, MAINE STATE PRISON,* )<br>)<br>*Respondent* ) | *Docket No. 05-93-B-S* |

*MEMORANDUM DECISION ON PETITIONER'S MOTION FOR COURT ORDER*

The petitioner in this action seeking a writ of habeas corpus under 28 U.S.C. § 2254, David Gordon Fleming, filed with his petition a motion for a court order "which would allow [him] to remain within the State of Maine Prison System until[] such time as [he has] been able to exhaust [his] appeals." Motion: Requesting Court Order ("Motion") (Docket No. 1) at 1. I deny the motion.

The petitioner contends that he has "been scheduled to be transfer[red] out of state because of the legal assistance [he] provide[s] for others and because of [his] own legal actions [he] file[s] in court," that such a transfer "is not required by the Department of Corrections for any security reasons," and that if "shipped out of state [he] will not be able to adequately and effectively appeal [his] criminal appeals/conviction." *Id*. at 2. In response, the state points out that the petitioner must be referring to his application for the writ when he refers to his "appeals," Response to Motion Requesting Court Order ("Opposition") (Docket No. 3) at 1, and that, while a transfer of the petitioner to a facility out of state has been requested, as of July 26, 2005 the responsible state official has not yet been able to locate a facility willing to take him, Affidavit of Carl McHatten (Docket No. 4) ¶ 5.

On the merits, the state first contends that a section 2254 proceeding is not the appropriate action for such a motion. Opposition at 1-2. I agree. Such a proceeding may be entertained by a federal court "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *Where* the petitioner happens to be held is not ordinarily a question of constitutional dimension, and the petitioner in this case has offered no facts or argument that would allow this court to conclude that his anticipated move to a different prison facility would violate the Constitution or any particular federal law or treaty. *See Glaus v. Anderson*, 408 F.3d 382, 384 (7th Cir. 2005) (district court correctly dismissed *habeas* petition in which prisoner sought transfer to different facility). A request for a different location or environment for incarceration may not be brought in connection with a *habeas corpus* petition. *Id.* at 388.

In his reply, the petitioner asserts that the pending motion "was not a part of my habeas corpus. It was a motion seeking to invoke this court[']s authority and jurisdiction which would cause a court order to be issued which would have the effect to cause me the ability to remain within the Maine State Prison System until[] this Habeas Corpus and my state appeals have been exhausted, ending with the United States Supreme Court." Reply to Respondents "Response to Motion Requesting Court Order" ("Reply") (Docket No. 5) at 3-4. If the petitioner intended the motion at issue to be considered separately from his *habeas corpus* proceeding, despite filing it together with his petition, this court has no jurisdiction to consider a motion filed in the absence of a formal court proceeding or case of some kind. The relief which the motion seeks is only available in the context of a court proceeding; the motion cannot serve as a case by itself. The petitioner has much to say about the possible reasons for the proposed transfer, asking this court to credit his speculations and to ignore the sworn statement of the state official responsible for making the decision to transfer him and for seeking out an out-of-state facility, but all of that is irrelevant in the absence of an action filed by the petitioner against an

appropriate defendant based on a cognizable legal or equitable claim.  The respondent suggests that a federal civil rights claim might be the appropriate vehicle. Opposition at 2.  That suggestion appears to have merit.   *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (challenge to conditions of confinement rather than fact or length of custody must be brought under 42 U.S.C. § 1983).  Or perhaps the petitioner could seek the injunctive relief, or relief in the nature of mandamus, that he wants in the state-court proceeding that he asserts is ongoing.  Reply at 4.  In any event, the motion as it is currently presented to this court may only be denied.

For the foregoing reasons, the petitioner's motion is **DENIED**.

Dated this 4th day of August, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge