## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *DAVID GORDON FLEMING,* | ) | |
| | ) | |
| *Petitioner* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-93-B-S* |
| | ) | |
| *JEFFREY MERRILL, WARDEN,* | ) | |
| *MAINE STATE PRISON,* | ) | |
| | ) | |
| *Respondent* | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his conviction in the Maine Superior Court (York County), after his guilty plea, on charges of attempted murder, kidnapping, gross sexual assault, unlawful sexual contact and aggravated assault. Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket No. 2) at 1; Docket, *State of Maine v. David G. Fleming*, Docket No. CR-91-901, Maine Superior Court (York County), at [1]-[10]. The respondent has filed a motion to dismiss the petition. Motion to Dismiss Petition for Writ of Habeas Corpus, etc. ("Motion") (Docket No. 10) at 1. Despite being granted extensions of time to respond for a total of 105 days, Docket Nos. 13 & 15, the petitioner has failed to respond to the motion to dismiss.

A party who fails to submit a written opposition to a motion to dismiss is deemed to have waived any opposition to the motion. *Graffam v. Town of Harpswell*, 250 F.Supp.2d 1, 7 (D. Me. 2003). The motion to dismiss may be granted for that reason alone. *Andrews v. American Red Cross Blood Servs.*, 251 F.Supp.2d 976, 979 (D. Me. 2003); *see also Cobley v. Klinger*, 176 F.3d 488

1

(Table), 1999 WL 238871 (10th Cir. Apr. 22, 1999), at **1 (applying same standard to case involving petition for habeas corpus). I recommend that the petition be dismissed for this reason.

If I were to consider the merits of the respondent's motion, my recommendation would be the same. The respondent points out that the petitioner pursued only two issues to the end of his post-conviction proceeding in state court, neither of which is raised in the petition now before this court. Motion at 5; *compare* Decision and Order on Petitioner's Amended Petition for Post-Conviction Review, *David Fleming v. State of Maine*, Docket No. CR-04-1211, Maine Superior Court (Cumberland County) *with* Petition. An applicant for federal post-conviction relief who has been convicted in state court may not raise claims that have not been exhausted in the courts of that state. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The plaintiff has offered no evidence of cause or prejudice to excuse this procedural default, *see Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), and he may not now remedy it by filing a new petition in state court, *see generally Carmichael v. Warden, Maine State Prison*, 370 F.Supp.2d 347, 350 (D. Me. 2005) (Maine law does not allow successive petitions for post-conviction review); *Ford v. Merrill*, 2005 U.S.Dist.LEXIS 459 (D. Me. Jan. 13, 2005), at *9 -*10. Accordingly, the motion to dismiss should be granted for this reason as well.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of February, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge